Jacob B. Stone (16338) (jstone@piahoyt.com)
Steven R. Gray (15849) (sgray@piahoyt.com)
PIA HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff Med Am International, LLC*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MED AM INTERNATIONAL, LLC, a Utah limited liability company, <br><br> Plaintiff, <br> v. <br><br> MedUSA Health Care Services, a Connecticut limited liability company, <br><br> Defendant. | **COMPLAINT** <br><br><br> Case No. 2:26-cv-00___- <br><br> Judge __ |

Plaintiff, Med AM International, LLC d/b/a Med USA, ("**Med USA**" or "**Plaintiff**"), complains against Defendant MedUSA Health Care Services ("**Defendant**") and alleges as follows:

## PARTIES

1.      Plaintiff Med Am International, LLC is a limited liability company formed under the laws of Utah with a principal place of business in Sandy, Utah.

2.      Defendant MedUSA Health Care Services is a limited liability company formed under the laws of Connecticut with a principal place of business in South Windsor, Connecticut.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C., §§ 1116 and 1121(a), and 28 U.S.C. § 1338(a) as it involves the Lanham Act including trademark and unfair competition law; pursuant to 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under trademark laws; and pursuant to 28 U.S.C. § 1331 as it involves a federal question.

4. This Court has personal jurisdiction over MedUSA Health Care Services pursuant because Defendant is a nonresident that is conducting business in this state and commits tortious acts in this state by using an infringing trademark in interstate commerce that causes injury to Plaintiff in this state. Defendant has purposefully directed its products and services at this state using Plaintiff's "Med USA" mark, sold such products and services to Utah residents using, *inter alia*, its highly interactive website, and continues to do so.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendant is subject to the personal jurisdiction of this Court and substantial events (including infringement of the trademark) giving rise to this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff Med Am International, LLC operates under the name Med USA.

7. Plaintiff owns federally registered trademarks "MED USA" bearing Registration Numbers 7,465,366 and 7,484,745.[1]

8. Plaintiff also owns an earlier federal trademark registration for "MED USA" bearing Registration Number 2,796,416.[2]

---

[1] Copies of the registrations are attached hereto as **Exhibit A**.
[2] Copies of the registrations are attached hereto as **Exhibit B**.

9.    Plaintiff has continuously used the mark "MED USA" in commerce since at least 1998.

10.    Plaintiff uses the "MED USA" mark in connection with healthcare revenue cycle management services.

11.    Plaintiff's services include billing and claims management for healthcare providers.

12.    Plaintiff has over 40 years of experience in revenue cycle management, credentialing, and compliance services for healthcare practices across the nation.

13.    Plaintiff has provided services to more than 2,500 clients over nearly 40 years.

14.    Plaintiff maintains a 97% client retention rate.

15.    Plaintiff's headquarters are located in Sandy, Utah.

16.    Defendant was originally known as American Billing Service.

17.    In 2015, Defendant rebranded from American Billing Service to MedUSA Healthcare Services.

18.    Defendant began using the name "MedUSA Health Care Services" in 2015.

19.    Defendant's adoption of the "MedUSA Health Care Services" name occurred substantially after plaintiff's continuous use of "MED USA" since 1998.

20.    Defendant offers healthcare revenue cycle management services.

21.    Defendant's services include billing and claims management.

22.    Defendant's services are identical or substantially similar to plaintiff's services.

23.    Defendant operates an interactive website through which it conducts business.

24.    Defendant conducts business across the country, including in this state.

25.    On November 21, 2025, Plaintiff's counsel sent a cease and desist letter to

3

Defendant.

26.    The cease and desist letter demanded that Defendant immediately cease use of the name "MedUSA Health Care Services" and any confusingly similar names.

27.    The cease and desist letter provided Defendant with a deadline of December 12, 2025 to respond.

28.    Defendant did not respond to the cease and desist letter by the December 12, 2025 deadline.

29.    Defendant continues to use the name "MedUSA Health Care Services" in connection with its healthcare revenue cycle management services.

## FIRST CAUSE OF ACTION
(Trademark Infringement - 15 U.S.C. § 1114)

30.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.    Plaintiff owns valid federally registered trademarks.

32.    Plaintiff owns federally registered trademarks "MED USA" bearing Registration Numbers 7,465,366, 7,484,745, and 2,796,416.

33.    These trademark registrations are valid and subsisting.

34.    Plaintiff has continuously used the "MED USA" mark in commerce since at least 1998.

35.    Defendant uses a mark in commerce that is confusingly similar to Plaintiff's mark.

36.    Defendant uses the mark "MedUSA Health Care Services" in commerce.

37.    As a result of its continued use for decades and strength, consumers associate the "MED USA" with Plaintiff and its exceptional products and services.

38.     The mark "MedUSA Health Care Services" is substantially similar to and confusing with Plaintiff's "MED USA" mark.

39.     Both marks use the essentially identical term "MedUSA" or "MED USA" as the dominant element.

40.     Defendant's use is in connection with the sale, offering for sale, distribution, or advertising of services.

41.     Defendant uses the "MedUSA Health Care Services" mark in connection with healthcare revenue cycle management services.

42.     Defendant offers billing and claims management services under the "MedUSA Health Care Services" mark.

43.     Defendant and Plaintiff market their services using similar and overlapping marketing channels.

44.     Defendant advertises and promotes its services through an interactive website (https://www.medusahcs.com) using the "MedUSA Health Care Services" mark.

45.     Plaintiff markets its services through a website (https://medusarcm.com) as well.

46.     Defendant targets similar geographic markets as Plaintiff.

47.     Defendant's use is likely to cause confusion, mistake, or deception regarding the source, sponsorship, or affiliation of services.

48.     Plaintiff and Defendant offer identical healthcare revenue cycle management services, including billing and claims management.

49.     Plaintiff and Defendant are direct competitors in the healthcare revenue cycle management industry.

50.     The substantial similarity between the "MED USA" and "MedUSA Health Care Services" marks creates a likelihood that consumers will be confused about the source of services.

51.     Consumers are likely to believe that Defendant's services originate from, are sponsored by, or are affiliated with Plaintiff.

52.     Defendant adopted the "MedUSA Health Care Services" mark in 2015, substantially after Plaintiff had established continuous use of "MED USA" since 1998.

53.     Defendant's adoption and/or continued use of a confusingly similar mark after Plaintiff's extensive use suggests Defendant's knowledge of Plaintiff's senior mark.

54.     Defendant failed to respond to Plaintiff's cease and desist letter, demonstrating Defendant's intent to continue the infringing use.

55.     Defendant actions have been carried out in willful disregard of Plaintiff's rights, thus violating Section 32 of the Lanham Act.

## SECOND CAUSE OF ACTION
(Unfair Competition in Violation of 15 U.S.C. § 1125(a))

56.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

57.     Plaintiff has a protectable interest in its "MED USA" mark, for example, after validly using the mark for a prolonged period in connection with Plaintiff's services, which is recognized by consumers.

58.     Defendant's conduct is likely to cause confusion or deception regarding the source, sponsorship, or affiliation of services.

59.     Defendant uses the mark "MedUSA Health Care Services" in connection with healthcare revenue cycle management services that are identical or at least very similar to

6

Plaintiff's services.

60.     The substantial similarity between Defendant's "MedUSA Health Care Services" mark and Plaintiff's "MED USA" mark creates a likelihood of confusion among consumers.

61.     Consumers are likely to be confused or deceived about whether Defendant's services originate from, are sponsored by, or are affiliated with Plaintiff.

62.     Defendant's conduct causes injury to Plaintiff's business or reputation.

63.     Defendant's use of a confusingly similar mark diverts customers who may be confused about the source of services.

64.     Consumers seeking Plaintiff's services may mistakenly engage Defendant's services due to the similarity of the marks.

65.     Defendant's conduct damages Plaintiff's reputation and goodwill associated with the "MED USA" mark.

66.     Plaintiff has invested substantial resources over more than 40 years in building brand recognition and goodwill for the "MED USA" mark.

67.     Defendant's use of a confusingly similar mark dilutes and damages the goodwill plaintiff has established.

68.     Defendant's conduct violates principles of fair competition.

69.     Defendant adopted the "MedUSA Health Care Services" mark in 2015, after Plaintiff had established priority through continuous use of "MED USA" since 1998.

70.     Defendant's adoption of a confusingly similar mark after Plaintiff's extensive use constitutes unfair competition.

71.     Defendant failed to respond to Plaintiff's cease and desist letter, demonstrating bad

faith and intent to continue the unfair competitive conduct.

## THIRD CAUSE OF ACTION
(Common Law Trademark Infringement)

72.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 as if fully set forth herein.

73.     Plaintiff's "MED USA" mark is recognized by the consuming public as being distinctive of, and identifying high quality services associated with plaintiff.

74.     Plaintiff's "MED USA" mark has acquired secondary meaning.

75.     Defendant's use of "MedUSA Health Care Services" is likely to deceive or cause confusion among the consuming public as to the origin of Defendant's products and services.

76.     Defendant's actions, as alleged herein, infringe Plaintiff's common law trademark rights under common law.

77.     Plaintiff has been and will continue to be damaged and irreparably harmed by Defendant's infringement.

78.     Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## FOURTH CAUSE OF ACTION
(Common Law Unfair Competition)

79.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

80.     Defendant's actions constitute unfair competition and unfair business practices, by creating a likelihood of confusion and actual confusion as to the origin, sponsorship, or approval of the services, goods, and commercial activities sold by Defendant; by misappropriating the unique reputation and goodwill of Plaintiff represented by the "MED USA" mark thus injuring

that reputation and goodwill, and by diverting from Plaintiff the benefits arising therefrom.

81.    Defendant's actions have damaged, and will continue to damage the business, market, reputation, and goodwill of Plaintiff.

82.    Defendant's actions are unlawful and have caused, and will continue to cause, irreparable injury to the value and goodwill of the "MED USA" mark, as well as irreparable injury to Plaintiff's business, goodwill, and reputation.

83.    Defendant's continued unauthorized use of the "MED USA" mark is deliberate, and Defendant will continue to infringe unless enjoined by this Court.

84.    Plaintiff has been and will continue to be damaged and irreparably harmed by Defendant's infringement/unfair competition.

## FIFTH CAUSE OF ACTION
(Dilution – Utah Code § 70-3a-403)

85.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 80 as if fully set forth herein.

86.    Plaintiff owns a mark that is distinctive and famous within Utah.

87.    Plaintiff's "MED USA" mark is distinctive and has acquired secondary meaning through continuous use since 1998.

88.    Plaintiff has invested substantial resources in building brand recognition and goodwill for the "MED USA" mark over more than 40 years.

89.    Plaintiff has provided services to more than 2,500 clients over 40 years with a 97% retention rate, demonstrating the strength and recognition of the "MED USA" mark.

90.    The "MED USA" mark is widely recognized in the healthcare revenue cycle management industry within the state of Utah.

9

91.     Defendant uses a mark that is substantially similar to Plaintiff's famous mark.

92.     Defendant uses the mark "MedUSA Health Care Services," which is substantially similar to Plaintiff's "MED USA" mark.

93.     Both marks use the identical or nearly identical term "MedUSA" or "MED USA" as the dominant element.

94.     Defendant's use is likely to cause dilution of the distinctive quality of Plaintiff's mark through blurring.

95.     Defendant's use of "MedUSA Health Care Services" in connection with identical services causes consumers to associate the mark with both Plaintiff and Defendant.

96.     This association blurs the distinctive quality of Plaintiff's "MED USA" mark by weakening its unique association with Plaintiff.

97.     The "MED USA" mark may lose its distinctive association with Plaintiff as consumers encounter Defendant's similar mark.

98.     Defendant adopted the "MedUSA Health Care Services" mark in 2015, after Plaintiff had established the mark's distinctiveness through decades of use.

99.     Defendant's adoption of a substantially similar mark demonstrates Defendant's intent to trade on Plaintiff's goodwill and reputation.

100.    Plaintiff is entitled to injunctive relief against Defendant.

## SIXTH CAUSE OF ACTION
(Utah Unfair Practices Act – Utah Code Ann. § 13-5-1 *et. seq.*)

101.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 96 as if fully set forth herein.

102.    Defendant's actions constitute unfair practices pursuant to Utah Code Ann. § 13-5-

1 *et seq.* by creating a likelihood of confusion and actual confusion as to the origin, sponsorship, or approval of the services, goods, and commercial activities sold by Defendant, by misappropriating the unique reputation and goodwill of Plaintiff represented by the "MED USA" mark thus injuring that reputation and goodwill, and by diverting from Plaintiff the benefits arising therefrom.

103.    Defendant's actions have damaged, and will continue to damage the business, market, reputation, and goodwill of Plaintiff.

104.    Defendant's actions are unlawful and have caused, and will continue to cause, irreparable injury to the value and goodwill of the "MED USA" mark, as well as irreparable injury to Plaintiff's business, goodwill, and reputation.

105.    Defendant's continued unauthorized use of the "MED USA" mark is deliberate, and Defendant will continue to infringe unless enjoined by this Court.

106.    Plaintiff has been and will continue to be damaged and irreparably harmed by Defendant's unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1.    Judgment that Defendant infringed Plaintiff's "MED USA" mark in violation of federal law and common law;

2.    Judgment that Defendant committed unfair or deceptive acts, practices or misrepresentations in violation of federal law and common law;

3.    Judgment that Defendant committed unfair practices in violation of state law;

11

4. Preliminary and permanent injunctive relief against Defendant prohibiting it from:

   a. using the mark "MedUSA Health Care Services" or any confusingly similar mark in connection with healthcare revenue cycle management services or any related services;

   b. engaging in unfair competition or dilution against Plaintiff or any act likely to mislead any consumer;

5. An order requiring Defendant to destroy all materials, including signage, marketing materials, website content, and other items bearing the infringing mark "MedUSA Health Care Services";

6. Monetary damages against Defendant in the amount of Defendant's profits derived from the use of the infringing mark, pursuant to 15 U.S.C. § 1117;

7. Monetary damages against Defendant in the amount of Plaintiff's actual damages, including lost profits, lost sales, diminished goodwill, and harm to reputation, sustained by Plaintiff as the result of Defendant's acts of infringement, according to proof, pursuant to 15 U.S.C. § 1117;

8. Enhanced damages against Defendant of up to three times the actual damages or profits for willful infringement, pursuant to 15 U.S.C. § 1117;

9. An order requiring Defendant to undertake corrective advertising to dispel confusion created by Defendant's infringing use of the mark;

10. Reasonable attorney's fees and costs incurred by Plaintiff in prosecuting this action, pursuant to 15 U.S.C. § 1117;

11. Prejudgment and postjudgment interest as allowed by law;

12.    Requiring that, that no later than thirty (3) days following the entry of a preliminary injunction or judgment in this case, whichever is sooner, Defendant shall serve upon Plaintiff's counsel a written declaration, under oath, affirming Defendant's compliance with the Order of this Court and detailing the manner in which Defendant has complied with the Order of this Court; and

13.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 1st day of June 2026.        PIA HOYT, LLC


                                        */s/ Jacob B. Stone*
                                        Joseph G. Pia
                                        Jacob B. Stone
                                        *Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2026, I caused a true and correct copy of the foregoing **COMPLAINT** to be served upon all counsel of record.

/s/ Melanie Buervenich
Licensed Paralegal Practitioner

14